[L. A. 376.    In Bank.—November 30, 1898.]

JOHN WINCHESTER, Trustee, Appellant, v. HIRAM MABURY et al., Respondents.

CORPORATIONS—MISAPPROPRIATION BY DIRECTORS—CONSTRUCTION OF CONSTITUTION—ACTION AT LAW—BILL IN EQUITY.—Under section 3 of Article XII of the constitution, which provides that "the directors or trustees of corporations and joint stock associations shall be jointly and severally liable to the creditors and stockholders for all moneys embezzled or misappropriated by the officers of such corporation or joint stock association during the term of office of such director or trustee," conceding it be self-executing, an action at law on behalf of one or more of the creditors of the corporation cannot be sustained, but the

only proper remedy, on behalf of the creditors, is a bill in equity where all the creditors are parties, or are represented, and in which there can be an accounting and adjustment of equities, after ascertainment of all the facts.

APPEAL from a judgment of the Superior Court of San Diego County. W. F. Pierce, Judge.

The facts are stated in the opinion of the court.

Withington & Carter, and C. H. Rippey, for Appellant.

S. F. Leib, and W. T. McNealy, for Respondents.

McFARLAND, J.—This is an action at law brought by the plaintiff as assignee of some of the creditors of the Savings Bank of San Diego County against Mabury, Howard, and Witherby, directors of said bank, for certain sums of money alleged to have been misappropriated by the defendant Bryant Howard, who was president, treasurer, et cetera, of the bank, for which it is alleged Mabury and Witherby were liable under the latter clause of section 3, article XII, of the constitution of the state. That clause reads as follows:

"The directors or trustees of corporations and joint stock associations shall be jointly and severally liable to the creditors and stockholders for all moneys embezzled or misappropriated by the officers of such corporation or joint stock association during the term of office of such director or trustee."

The defendant Mabury demurred to the complaint upon various grounds; the demurrer was sustained by the court below, and judgment was rendered for defendants, and from this judgment the plaintiff appeals.

It is conceded that the alleged liability of the respondent rests entirely upon the clause of the constitution above quoted. There has never been any legislation with respect to said constitutional provision. No legislative act has been passed touching any character of action that may be brought under the provision, or defining its meaning, or referring to it in any manner whatever. Conceding, therefore, for the purposes of this case, that the clause of the constitution in question is self-exe-

cuting, and requires no legislative aid in carrying it into effect, its meaning, the parties who may take advantage of it, and the form of action by which its provisions may be enforced, are all matters of judicial construction. Whether or not the averments in the complaint constitute "misappropriations" within the meaning of the constitution, and as construed in *Fox v. Hale etc. Co.*, 108 Cal. 422, *et seq.*, need not, under our view of the case, be here determined. There are also some other questions raised by the demurrer which are not necessary to be here discussed. It is stated in the brief of appellant that the court below sustained the demurrer upon the ground that the action should be one in equity and for the benefit of all the creditors; and we think that the demurrer was properly sustained on that ground. The clause in question provides that in case of embezzlement or misappropriation the directors shall be liable "to the creditors and stockholders" for moneys embezzled or misappropriated; and the phrase "the creditors" evidently means all the creditors. For the purposes of this case we need not consider the other phrase "and stockholders"; the moneys embezzled or misappropriated constitute a fund for the benefit of, at least, all the creditors who have been injured by the wrongful acts, and the only proper remedy in such a case is a bill in equity where all the creditors are parties, or are represented, and in which there can be an accounting and equities adjusted, after all the facts have been ascertained.

The equitable principle applicable here is that "as between creditors equality is equity." (*Cavin v. Gleason*, 105 N. Y. 262.) The above view is amply sustained by the authorities, and the rule cited has been held to apply even under statutes imposing liabilities like those here in question, which provide that "a creditor," or "any creditor," or "any person," wronged, et cetera, may sue. Our attention has not been called to any statutory or constitutional provision exactly like the one here involved; but there have been many decisions under statutes of states and of Congress imposing liabilities of similar character on directors and officers of corporations, and the principles declared in those decisions are equally applicable to the case at bar.

The rule above stated is declared to be law in Morawetz on

Private Corporations, paragraph 910, and reference is there made to the case of *Hornor v. Henning*, 93 U. S. 228. The syllabus of that case, which correctly states the matter decided, is as follows: "The act of Congress (16 Stats., 98) under which certain corporations are organized in the District of Columbia, contain a provision that 'if the indebtedness of any company organized under this act shall at any time exceed the amount of its capital stock, the trustees of such company assenting thereto shall be personally and individually liable for such excess to the creditors of the company.' Held: 1. That an action at law cannot be sustained by one creditor among many for the liability thus created, or for any part of it, but that the remedy is in equity; 2. That this excess constitutes a fund for the benefit of all the creditors, so far as the condition of the company renders a resort to it necessary for the payment of its debts." In that case a demurrer had been sustained to the complaint, and Mr. Justice Miller, delivering the opinion of the court, said: "The demurrer raises the right of a single creditor among many of the corporation to bring his separate action at law for his debt, and recover a judgment for it against the trustees, though the allegations of his declaration be true." After some discussion he says: "Nor can we believe that an act intended for the benefit of the creditors generally, when the bank proves insolvent, can be justly construed in such a manner that any one creditor can appropriate the whole or any part of this liability of the trustees to his own benefit, to the possible exclusion of all or of any part of the other creditors. But such may, and probably would, often be the result if any one creditor could sue alone while there were others unsecured. We are of opinion that the fair and reasonable construction of the act is that the trustees who assent to an increase of the indebtedness of the corporation beyond its capital stock are to be held guilty of a violation of their trust; that Congress intended that, so far as this excess of indebtedness over capital stock was necessary, they should make good the debts of the creditors who had been the sufferers by their breach of trust; that this liability constitutes a fund for the benefit of all the creditors who are entitled to share in it, in proportion to the amount of their debts, so far as may be necessary to pay these debts. The

remedy for the violation of duty as trustees is in its nature appropriate to a court of chancery." He further says: "In the supreme judicial court of Massachusetts, under the identical form of words which we are construing in the present case, it has been repeatedly decided that the only remedy is a suit in equity, in which all the creditors are parties; and that even in equity one creditor cannot sue alone, but must either join the other creditors or bring his action on behalf of himself and all the others. In *Stone v. Chisholm,* 113 U. S. 302, it was held (we quote from the syllabus) as follows:

"A suit in equity is the proper remedy, in the courts of the United States, to enforce the statutory liability of directors to a creditor of the corporation (organized under the act of legislature of South Carolina of December 10, 1869) by reason of the debts of the corporation being in excess of the capital stock. An action at law will not lie." Although the statute under review there provided that when the officers of a company were liable, "any person to whom they are so liable may have an action against any one or more of said officers," still it was held that an action at law would not lie, but that a bill in equity was necessary, in which all creditors were made parties. Mr. Justice Matthews, in delivering the opinion of the court, said that the directors liable had a right to have all the facts determined "once for all in a proceeding which shall conclude all who have an adverse interest, and a right to participate in the benefit to result from enforcing the liability. Otherwise, the facts which constitute the basis of liability might be determined differently by juries in several actions, by which some creditors might obtain satisfaction and others be defeated. The evident intention of the provision is that the liability shall be for the common benefit of all entitled to enforce it, according to their interest, an apportionment of which, in case there cannot be satisfaction for all, can only be made in a single proceeding to which all interested can be made parties. The case cannot be distinguished from that of *Hornor v. Henning,* 93 U. S. 228, the reasoning and result in which we affirm. It is immaterial that in the present case it does not appear that there are other creditors than the plaintiffs in error. There can be but one rule for construing the section, whether the creditors be one or many. To the ques-

tion certified, therefore, it must be answered that an action at law will not lie, and that the only remedy is by a suit in equity." *National Bank v. Dillingham,* 147 N. Y. 603, 49 Am. St. Rep. 692, is a case where the question under consideration is fully discussed and decided as above stated. The individual liability of stockholders, and their relation to the creditors of a corporation, are not the same in the state of New York as they are here, and there is some discussion in the opinion in that case which is not relevant here, and it seems to have been held that an action to enforce the liabilities of directors guilty of misconduct could not be maintained until after the usual remedies against the corporation itself had been resorted to, and all those parts of the opinion are not in point here; but it was there held that, in no event, could the liability of the directors be enforced except by suit in equity. The full syllabus of that case, which shows accurately what was decided, is as follows: "The personal liability imposed by the provisions of section 24 of the stock corporation law (Laws 1890, c. 564, as amended by Laws 1892, c. 688), to the effect that the directors of a stock corporation creating or consenting to the creation of any debt of the corporation unsecured by mortgage, in excess of its paid-up capital stock, 'shall be personally liable therefor to the creditors of the corporation,' is secondary, and can be resorted to only after the usual remedies against the corporation itself have been exhausted, and then can be enforced only by a suit in equity where all the creditors and the corporation itself are parties or represented, where an accounting can be had, all the facts ascertained and equities adjusted." (See, also, *Orr etc. Shoe Co. v. Thompson,* 89 Tex. 501; *Merchants' Bank v. Stevenson,* 10 Gray, 232.)

The fact that the language to be construed here is a part of the constitution of the state, and not a statutory provision, makes no difference. The rules of construction by which the meaning of the language is to be ascertained, and the rights and remedies which grow out of it, are the same, no matter where the language to be construed is found.

The judgment appealed from is affirmed.

Temple, J., Harrison, J., Garoutte, J., Van Fleet, J., and Henshaw, J., concurred.