[L. A. No. 1401. Department One.—September 5, 1905.]

## R. NICCOLLS, Appellant, v. J. A. RICE, and SAVINGS BANK OF SAN DIEGO COUNTY, Respondents.

CREDITOR'S BILL—DIRECTORS OF INSOLVENT BANK—PROCEEDS OF COMPROMISE—ACTION FOR BENEFIT OF CREDITORS JOINING—RULE INAPPLICABLE.—The rule that a creditor who, in filing a creditor's bill, makes himself a trustee for the benefit of all the creditors of an insolvent corporation cannot avail himself exclusively of funds obtained by compromise of the action, has no application to a creditor's bill against the directors of an insolvent bank brought for the benefit of particular creditors and of others who should join in the action; and in such case any other creditor not joining cannot recover any part of the proceeds of a compromise of the action.

APPEAL from a judgment of the Superior Court of San Diego County and from an order denying a new trial. E. S. Torrance, Judge.

The facts are stated in the opinion of the court.

· J. B. Mannix, George H. P. Shaw, and Edwin A. Wells, for Appellant.

The plaintiff as a creditor was entitled to recover his share of the funds obtained upon the creditor's bill. (*Winchester* v. *Mabury,* 122 Cal. 524, 55 Pac. 393; *Low* v. *Buchanan,* 94 Ill. 76, 80; *National Bank* v. *Dillingham,* 147 N. Y. 603, 42 N. E. 340; *Stone* v. *Chisholm,* 113 U. S. 302; *Bailey* v. *Mosher,* 63 Fed. 491; *Horner* v. *Henning,* 93 U. S. 232, 233; *Irons* v. *Bank,* 27 Fed. 594.)

C. H. Rippey, and Withington & Carter, for Respondents.

As the action was brought only for the benefit of parties joining, plaintiff is not entitled to recover. (*Hirshfield* v. *Fitzgerald,* 157 N. Y. 166, 51 N. E. 997, and note to 46 L. R. A. 839.)

VAN DYKE, J.—This is an appeal from a judgment granting a nonsuit and from an order denying a motion for a new trial.

In June, 1893, the Savings Bank of San Diego County closed its doors and suspended business. Thereafter, in 1895, proceedings were instituted by the attorney-general of the state of California, and said bank was thereupon declared insolvent, and proceeded to liquidate. In December, 1895, certain depositors of said bank entered into an agreement, constituting a committee from their number, consisting of A. P. Meeker, T. J. Higgins, Joseph Winchester, George Fuller, and Isaac Smith, for the purpose of instituting proceedings against the directors of said bank, for the purpose of enforcing any and all legal liability calculated to result in the betterment of the claims of the parties who signed said agreement. They also by said agreement constituted Joseph Winchester trustee, and assigned their respective claims to him for the purpose of enforcement. Thereafter, in June, 1896, said Winchester, as said trustee of the depositors and creditors of said bank who had entered into said agreement, commenced an action in the superior court of San Diego County against Bryant Howard, Hiram Mabury, E. W. Morse, O. S. Witherby, J. H. Barbour, John Ginty, Monroe Johnson, Me-

dora H. Howard, and the said savings bank.  It was declared
in the complaint "that the plaintiff brings this action in
behalf of himself and *any other creditors or depositors of said
institution who may join with him."*  Plaintiff herein never
applied to be made a party to the action, and no order was
ever made bringing him or any other person in as parties to
the action.  The savings bank defaulted in said action, and
defendant Hiram Mabury filed a demurrer to the complaint
of Winchester on various grounds, and thereafter, in June,
1899, the superior court of San Diego County sustained said
demurrer and entered judgment in favor of Mabury.  Win-
chester thereupon appealed from said judgment.  Pending
said appeal Winchester died, and thereupon the committee
of depositors mentioned in said agreement nominated J. A.
Rice as successor in said trust of Joseph Winchester, deceased,
and upon an application the superior court of San Diego
County appointed said Rice as such trustee in place of said
Winchester, and he was thereafter, in October, 1900, substi-
tuted as plaintiff, as successor in interest, in place of said
Winchester in said action against Bryant Howard et al., and
in May, 1902, the supreme court, by order, substituted said
Rice as plaintiff in place of said Winchester, and the action
was thereupon continued in his name, as trustee in place of
said Winchester, as plaintiff in said action against Bryant
Howard et al.  In this court upon the hearing of said cause
the judgment of the lower court was reversed, with directions
to overrule the demurrer and allow the defendant reasonable
time to answer.  (*Winchester* v. *Howard,* 136 Cal. 432, [89
Am. St. Rep. 153, 64 Pac. 692, 69 Pac. 77].)

Thereafter, and for the purpose of ending said litigation,
in the way of compromise, the said Mabury agreed to pay
and paid, through his attorney, the sum of forty thousand
dollars to D. L. Withington, as attorney for the plaintiff in
said action, and certain other persons who had joined with
the plaintiff, under the provisions of said agreement.  There-
after, upon stipulation of the parties to the action, the judg-
ment of this court (136 Cal. 432, 448, [89 Am. St. Rep. 153,
64 Pac. 692, 69 Pac. 77]) was vacated, and the appeal dis-
missed, the effect thereof being the affirmance of the judg-
ment of the superior court.

Subsequently, the superior court action was dismissed as
to the defendants other than Mabury.

Thereafter, in July, 1902, this action was commenced against said Rice (the plaintiff in the former action), and said Savings Bank of San Diego County. In the complaint herein it is alleged that the plaintiff deposited in the said Savings Bank of San Diego County two thousand dollars, none of which sum has been paid, and that the same, with interest thereon, is due. It is further alleged in the complaint herein, among other things, that said Winchester and said Rice, respectively, assumed and claimed to represent, and did represent, all the creditors of said savings bank; and in fact said action was brought, prosecuted, maintained, and compromised for and on behalf of all the creditors and depositors of said bank as a body, and not for the exclusive benefit of any particular creditor or depositor, and said Hiram Mabury paid said sum of forty thousand dollars, in compromise of said cause of action of all of said creditors and depositors and for their use and benefit, to said Rice, as the representative of all said creditors and depositors. The savings bank, one of the defendants, defaulted in this action, the same as in the former. In the answer of defendant Rice it is denied that in the action entitled Joseph Winchester, trustee, *v.* Bryant Howard et al., and referred to in plaintiff's complaint, and throughout the prosecution, maintenance, and compromise thereof, or at all, the said Joseph Winchester and J. A. Rice, respectively, or at all, professed or claimed that said action was brought for the use and benefit of all the creditors and depositors of said bank; denies the fact to be that said action was brought or prosecuted, or maintained, or compromised for and on behalf of all the creditors and depositors of said bank as a body; denies that said Hiram Mabury paid the sum of forty thousand dollars, or any sum, in compromise of said or any cause of action of all the creditors and depositors of said bank and for their use and benefit; and denies that the said sum of forty thousand dollars, or any sum, was paid to said J. A. Rice, as a representative of all the creditors and depositors of said bank. It is further denied that in the compromise of the cause of action set forth in the complaint, said Hiram Mabury agreed to and did pay the sum of forty thousand dollars, or any sum, in order to carry into effect the agreement referred to in said complaint, or any agreement, to pay this plaintiff. On the contrary, it is averred that said

sum of forty thousand dollars was paid by said Hiram Mabury to D. L. Withington, as the attorney of the plaintiff in said action and the persons who had joined with the plaintiff therein, and that the only part thereof which this defendant has received is the sum of twenty-eight thousand dollars, which sum was paid to him as the trustee of those persons only who, under and by the instrument set forth in the complaint, had assigned their claims against the said Savings Bank of San Diego County to said Joseph Winchester, and that said sum was so received by this defendant for the sole purpose of distributing the same to such persons or their assigns under the provision of said instrument.

The only evidence introduced on the trial of the cause was that offered on the part of the plaintiff, consisting in the deposition of S. F. Leib, who acted as the attorney of Hiram Mabury. Leib testified that he is familiar with the action brought by *Winchester* v. *Howard,* and also with the previous case of *Winchester* v. *Mabury,* reported in 122 Cal. 522, [55 Pac. 393]. He says after the decision of this court reversing the judgment had in the court below in favor of Mabury: "I started to prepare and was preparing a petition for rehearing of the case, when the adjustment of the litigation and compromise of it was brought up and negotiations were conducted exclusively on my side by myself, and on the other side by Mr. Withington, and resulted finally in a compromise, by which a stipulation was signed, the precise terms of which I do not recall, but which will speak for itself; but the effect of it was that the order of the supreme court reversing the judgment below should be set aside, and such order, upon such stipulation, was in fact by the supreme court set aside, and a *remittitur* was issued affirming the judgment below in favor of Mr. Mabury, which judgment is now final and in full force in his favor." He was asked: "Who effected this settlement and compromise?" and answered: "It was effected between Mr. Withington and myself, the two of us. There was considerable negotiation before it was effected." He was asked: "What was the consideration for such payment?" and answered, "The settlement of the litigation."

"Q. For whose use and benefit was such payment made?— A. For whomever Mr. Withington might legally represent in that action.

"Q. Did you know for whose use or benefit this payment was made?—A. No further than what the complaint disclosed.

"Q. Are you able to state for whose use and benefit this payment was made?—A. No further than I have answered. When I say the complaint I mean the complaint in that action of Winchester, trustee, Rice, trustee, substituted, *v.* Howard, Mabury et al.; not in the complaint in the action in which I am giving this deposition." Further answering, he says: "In San Francisco, the day of the final culmination of the settlement, the day the order was made, and during the negotiations for settlement, the question occurred to me as to whether the parties who had specifically been named in the complaint, and who had not specifically applied to be joined as plaintiffs, might bring a subsequent action; and that matter was mentioned between Mr. Withington and myself, and it was, I think, agreed between us (at least I so understood it) that not only would they be barred by the statute of limitations, should they do so, but that, under the decision of the court in the case as to all parties being represented by the plaintiffs in the case, whatever judgment was entered in that case would necessarily be a bar as to all such parties; but I do not mean by this to say that it was understood or agreed that these other parties who had not applied to be made parties and had not contributed to the prosecution of the action would be entitled to share in the proceeds of this settlement. I think Mr. Withington's idea was that they would not, but that was a question which it was not necessary for me to determine in making the settlement, so I did not pretend to do so, nor do I venture an opinion upon that matter now. That is a matter for them to determine in this litigation.

"Q. Did you know what disposition was to be made of this forty thousand dollars?—A. I did not. I did not care anything about that proposition because Mr. Withington had full power to settle that suit, and it did not become me to ask him what he was going to do with the money."

The controlling issue in the action is whether Winchester, and subsequently Rice, respectively, assumed to and did represent all the creditors and depositors of said Savings Bank of San Diego County in said action, so brought, prosecuted, and compromised, as alleged in plaintiff's complaint herein,

or whether said action was brought, prosecuted, and compromised, as alleged in plaintiff's complaint herein, or whether said action was brought, prosecuted, and finally compromised for and on behalf of the creditors and depositors only who had joined in the said agreement.

The answer, as already shown, specifically denies the allegation of the complaint that said action was brought for the use and benefit of all the creditors and depositors of said bank, or that the same was finally compromised for and on behalf of all the creditors, or that the said sum of money received from said Mabury was received in said compromise for and on behalf of all the creditors, or that said Rice entered into said stipulation of June 4th, attached to plaintiff's complaint herein, in order to carry into effect such agreement. On the contrary, the answer, as already shown, avers that said action was brought, prosecuted, and compromised for and on behalf of the persons who had joined with the plaintiff therein under the said agreement, and who had assigned their claims against said bank to the said trustee constituted in said agreement. The agreement in question is appended to the complaint therein and made a part thereof. By the terms of said agreement, as already shown, a committee composed of some of the subscribers was constituted to manage the contemplated prosecution of said suit on behalf of the subscribers to said agreement, and Winchester was appointed trustee in their behalf to conduct said litigation, and he was authorized to employ the law firms of Rippey & Nutt and Withington & Carter as counsel for the purpose of such suits and actions, and no compromise was to be made, or any suit commenced, "founded upon the claims herein assigned except with the consent of the assignors whose claims aggregate the major part or amount of such claims." A bond was also required from the trustee Winchester in the sum of ten thousand dollars, with sureties, approved by the depositors' committee, and the subscribers agreed to pay the trustee according to a scale of assessments mentioned in the agreement, to be applied under the direction of the committee for payment of costs and expenses in the litigation. The plaintiff was not a party to the agreement, and neither Winchester nor Rice acted as trustee on his behalf, and he did not join in the employment of counsel or contribute to the expenses of the liti-

gation. It will also be seen that the only evidence in support
of the issue on the part of the plaintiff consisted of the depo-
sition of Mr. Leib, the substance of which has already been
given. It appears from this that so far from supporting the
allegation of the complaint on this material issue, it tends to
support the contention in defendants' answer,—to wit, that
the action was compromised and settled with Mabury, and the
sum by him paid over to the attorney of defendant Rice, for
and on behalf of the parties who entered into the agreement
constituting said Winchester, and subsequently said Rice,
their trustee and representative for that purpose.

As shown in the foregoing opinion, there was no evidence
warranting a conclusion that the forty thousand dollars was
paid upon any such agreement as would make Rice a trustee
for creditors not parties to the trust agreement. It may be
conceded that where, under section 3 of article XII of the
constitution, a creditor brings an action on behalf of himself
and all other creditors, against the directors of the corpora-
tion, to recover for such creditors moneys misappropriated
by such directors, such plaintiff creditor cannot, after put-
ting himself in that position, effect a compromise of the suit
and appropriate the money obtained by the compromise to
his own use or to the use of a part of the creditors, to the
exclusion of others. A creditor suing as plaintiff in such suit
occupies the position of a trustee for the benefit of all of the
creditors, and he cannot maintain the action at all unless he
consents to be such trustee. Once he assumes that position,
he is subject to the rules applicable to all trustees, and every-
thing which he may obtain by means of the suit, whether by
way of compromise, or by a judgment regularly rendered, will
be in equity the joint property of all the creditors, and, after
deducting the just sum due the plaintiff for his services and
expenses, must be divided *pro rata* among them all. But,
according to the evidence in this case, the plaintiff in the suit
against the directors never consented to stand as plaintiff for
the benefit of all the creditors, and hence, never became a
trustee for all. In his complaint he expressly limited his
trusteeship and appeared only for himself and such other
creditors *as would join with him*. The objection was made
that this constituted a defect of parties. This court in its
decision (*Winchester* v. *Howard*, 136 Cal. 447, [89 Am. St.

Rep. 153, 64 Pac. 692, 69 Pac. 77]) held that the complaint was not demurrable on that ground, as it did not on its face show that there were other creditors, but stated that if it was made to appear that there were other creditors the court should order them brought in as parties. There were in fact other creditors who did not join in that action, and who should have been brought in if the action were to be further prosecuted, but this fact never was made known to the court, and before any further steps were taken in the case after the decision of this court, the plaintiff therein, while still limiting the beneficiaries of his suit to those creditors who should join with him, made the compromise in question, receiving therefor the forty thousand dollars, of which the present plaintiff claims a share. The plaintiff in the case at bar never joined in the former action, nor in any manner aided or assisted therein. Under these circumstances Rice, the plaintiff in the former action, never became a trustee for this plaintiff, nor for any others who did not act in concert to bring the former action, and consequently those parties not joining or assisting are not entitled to share in the money received in the compromise. (See *Hirshfield* v. *Fitzgerald,* 157 N. Y. 166-180, [51 N. E. 997].)

The plaintiff clearly failed, on his own evidence, to make out a case, and the nonsuit was properly granted.

The judgment and order denying a new trial are affirmed.

Shaw, J., and Angellotti, J., concurred.