## In re LA JOLLA LUMBER & MILL CO.

(District Court, S. D. California, S. D. June 18, 1917.)

No. 2608.

1. **BANKRUPTCY ⬅342½—CLAIMS—REVIEW OF REFEREE'S RULINGS.**
   On review of an order of the referee allowing a claim in part, error cannot be predicated on the sustaining of objections to questions, where the referee was not at the time informed concerning the evidence which it was proposed to elicit.

2. **BANKRUPTCY ⬅342½—CLAIMS—REVIEW OF REFEREE'S RULINGS.**
   On review of an order of the referee allowing a claim, the referee's findings, sustained by evidence, will be upheld.

3. **BANKRUPTCY ⬅326—CLAIMS—SET-OFF AND COUNTERCLAIM.**
   The liability of a creditor of a bankrupt corporation on an unpaid stock subscription is not a debt or liability which may be set off against the claim of the creditor, under Bankr. Act July 1, 1898, c. 541, § 68, 30 Stat. 565 (Comp. St. 1916, § 9652), providing that, in cases of mutual debts or mutual credits between the estate of a bankrupt and a creditor, the account shall be stated and one debt set off against the other, as the stock subscription liability is a trust fund, and must be collected and distributed pro rata to all creditors, even though there is only one delinquent stockholder.

4. **CORPORATIONS ⬅351—LIABILITY OF DIRECTORS—FORM OF REMEDY.**
   Under Civ. Code Cal. § 309, providing that the directors of corporations must not create debts beyond the subscribed capital stock, and that for a violation thereof the directors under whose administration it may have happened are in their individual capacity jointly and severally liable to the corporation and its creditors to the full amount of the debt contracted, the liability of a director can only be enforced by a bill in equity, wherein all the facts and parties are brought before the court.

5. **BANKRUPTCY ⬅326—CLAIMS—SET-OFF AND COUNTERCLAIM.**
   Where the creditor of a bankrupt corporation was liable as director, under Civ. Code Cal. § 309, such liability was a trust fund for the benefit of all creditors ratably, and could not be set off against the creditor's claim.

6. **BANKRUPTCY ⬅288(1)—COLLECTION OF ASSETS—FORM OF REMEDY.**
   The liability of a creditor of a bankrupt corporation on his unpaid stock subscription and as director, under Civ. Code Cal. § 309, should be determined by a plenary action, in which all existing equities may be properly regarded. .

7. **ESTOPPEL ⬅68(4)—DEFENSES INCONSISTENT WITH PREVIOUS CLAIM OR POSITION.**
   A creditor of a bankrupt corporation, contending that his liability as a director in the corporation must be established in a plenary action, will be estopped from claiming that it should have been adjudicated upon the allowance of his claim.

---

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**8. BANKRUPTCY ⊙=360—DIVIDENDS—WITHHOLDING PAYMENT.**

Where a creditor of a bankrupt corporation is liable on an unpaid stock subscription and as director in the corporation, the dividends on his claim will not be paid, pending an adjustment of his liability.

In Bankruptcy. In the matter of the La Jolla Lumber & Mill Company, bankrupt. On review of an order of the referee allowing a claim in part. Order confirmed, and objections to the claim dismissed without prejudice.

R. L. Horton, of Los Angeles, Cal., for one of the largest creditors.

Johnson Puterbaugh, J. C. Hizar, and Chas. G. Briggs, all of San Diego, Cal., for trustee.

Gibson, Dunn & Crutcher, of Los Angeles, Cal., and Ward, Ward & Ward, of San Diego, Cal., for claimant.

TRIPPET, District Judge. B. B. Harlan presented a claim to the referee for allowance. The trustee objected to the allowance of the claim, and filed written specifications of his objections. The referee disallowed some of the items of the claim, but allowed the claim for the sum of $9,532.41. The matter comes before the court on a petition of the trustee to review the order of the referee allowing the claim.

[1, 2] I will consider the specifications of error in the order in which they appear in the petition for review. The first assignment of error is that the referee erred in sustaining objections to certain questions. When the objections were made to questions, the referee was not informed concerning the evidence which the trustee proposed to elicit by asking said questions. The court, therefore, cannot determine that the referee erred in sustaining the objections. The alleged error to the effect that the claim was not sufficient in form is not well taken. No reason was pointed out in argument to the court why the claim was not sufficient in form. The claim that the burden of proof was on the trustee is immaterial. Concerning the question as to whether the claim is barred by the statute of limitations, the referee having decided that the evidence showed that the claim was not based on a stated account, and there being evidence to sustain it, the court will uphold the findings of the referee. The same is also true of the claim that the corporation was a "self-serving" corporation, whatever that may mean.

There are two matters presented by this record that are worthy of particular comment: (1) Did the trustee have a right to plead as a set-off or counterclaim the alleged liability of the claimant for unpaid subscription to the capital stock of the company? (2) Did the trustee have a right to plead as a set-off or counterclaim the alleged liability of the claimant created by section 309, C. C., wherein it is provided that the debts of the corporation shall not exceed the subscribed capital stock of the corporation, and making the directors liable for violating said section?

[3] The first proposition has been considered by the Supreme Court of the United States, and by other federal courts, and it has been uni-

formly held that the liability for unpaid stock subscription is not a debt or liability falling within the meaning of section 68 of the Bankrupt Act. These cases were instances wherein the trustee in bankruptcy was seeking to collect the unpaid subscription, and the delinquent stockholder sought to offset an indebtedness of the corporation against the liability for unpaid subscription. The authorities are all collected in Kiskadden v. Steinle, 203 Fed. 375, 379, 121 C. C. A. 559. The reason for this rule is that the stock subscription liability is a trust fund, and the amount which the stockholder is liable to pay belongs ratably to all the creditors, and that the amount owed upon the stock must be paid in and be distributed pro rata to all the creditors. It therefore follows that the unpaid subscription to stock cannot be appropriated either to the reduction or the payment of a debt owing by the corporation to a delinquent subscriber. The duty of the trustee is plain: He must collect the unpaid subscription in full, and not allow any creditor to get more than his proportionate share, by reason of the fact that the corporation may be indebted to him; and this is true, whether there is only one delinquent stockholder or many.

[4, 5] The liability of a director under section 309, C. C., can only be enforced by a bill in equity, wherein all the facts and parties are brought before the court. Winchester v. Mabury, 122 Cal. 522, 55 Pac. 393; Winchester v. Howard, 136 Cal. 432, 64 Pac. 692, 69 Pac. 77, 89 Am. St. Rep. 153. The two cases cited were not cases construing section 309, but they were construing a liability very similar to that created by section 309, C. C. It seems to me that the liability created by section 309, C. C., falls within the same reasoning that applies to an unpaid stock subscription, and is a trust fund for the benefit of all the creditors, ratably.

[6, 7] It is my opinion that the liability for an unpaid subscription to stock, and the liability created by section 309, C. C., should both be determined by plenary action, in which all existing equities may be properly regarded by the court. The claimant in this case has contended that the liability arising under section 309, C. C., must be established in a plenary action. The claimant, therefore, as to that matter, will be estopped from claiming that it should be adjudicated upon the allowance of the claim.

The objections made to the allowance of the claim on account of unpaid subscription to stock should have been dismissed without prejudice; and the same is true as to the liability under section 309, C. C. An order will be made to that effect.

[8] An order will be made confirming the allowance of the claim by the referee. The order, however, will direct that no dividends shall be paid upon the claim, pending an adjustment of the liability of the claim for unpaid stock subscription and for liability under section 309, C. C. These dividends will be held, in the discretion of the referee, until such time as the trustee shall have had reasonable opportunity to collect said liabilities.