[S. F. No. 7306.   In Bank.—April 24, 1916.]

THE PEOPLE, Appellant, v. BANK OF SHASTA COUNTY and W. R. WILLIAMS, as Superintendent of Banks, Respondents.

BANKS — LIQUIDATION OF INSOLVENT BANK ,— FUND OBTAINED FROM STOCKHOLDERS—ASSETS OF BANK—TAXATION.—Where the super-intendent of banks, in the liquidation of the affairs of an insolvent bank, converts its entire assets into money, and, in addition, collects a sum from the stockholders on account of their constitutional liability to creditors, and from the aggregate fund pays to creditors an amount in excess of that realized from the bank's assets, the balance of the fund must, for the purposes of taxation, be deemed to be left over from the contributions of the stockholders.

ID. — FUND OBTAINED FROM STOCKHOLDERS NOT TAXABLE AS BANK'S ASSETS.—The funds so obtained from stockholders by the superintendent of banks constituted no part of the bank's assets, and are not to be counted in ascertaining the value of the shares of the bank; and the state board of equalization had no authority, under subdivision (c) of section 14 of article XIII of the constitution, and section 4 of the act of April 1, 1911 (Stats. 1911, p. 531), to assess the balance in the hands of the superintendent for purposes of taxation.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   George A. Sturtevant. Judge.

The facts are stated in the opinion of the court.

U. S. Webb, Attorney-General, and Raymond Benjamin, Chief Deputy Attorney-General, for Appellant.

Hiram W. Johnson, Jr., and A. A. De Ligne, for Respondent.

De Laveaga & Magee, *Amici Curiae,* for Respondent.

SHAW, J.—The plaintiff, by this action, seeks to enforce payment of $540.90 assessed as taxes against the Bank of Shasta County by the state board of equalization, under the supposed authority of subdivision (c) of section 14, article

XIII, of the constitution, and section 4 of the act of April 1, 1911 (Stats. 1911, p. 531).

On March 24, 1911, the Bank of Shasta County, being then insolvent, was closed by the superintendent of banks, and he took possession of its assets for purposes of liquidation, under the provisions of the Banking Act. He proceeded to reduce the assets of the bank to money and realized therefrom $518,260.37. The total indebtedness of the bank amounted to $637,801.08, leaving a deficiency of $119,197.11. He then obtained from the stockholders, on account of their constitutional liability to creditors, the sum of $45,358, making a total fund of $563,618.37 for the payment of debts. Of this fund he had paid to the creditors of the bank, prior to the first Monday of March, 1913, the sum of $554,886.94, leaving the sum of $8,731.43 in his hands at that date.

On the 13th of March, 1913, the superintendent of banks reported to the state board of equalization that on the first Monday of March, 1913, he had on hand assets of the bank amounting to $8,731.43. The state board levied a tax of $540.90 against the supposed assets of said bank, upon the theory that the superintendent had reported assets amounting to $54,089.43. The complaint prays judgment for this sum against the bank and the bank superintendent.

At the trial it was admitted that the report showed only $8,731.43 as assets on hand. The tax rate is fixed at one per cent of the value of the shares. It follows from this admission that the claim for taxes cannot exceed $87.31 in any event. It is claimed by the respondent that this balance of $8,731.43 is not taxable, under the constitution, as the value of the shares.

Subdivision (c) of section 14, article XIII, aforesaid, provides that the shares of capital stock of banks organized under the laws of this state "shall be assessed and taxed to the owners or holders thereof." It then provides as follows: "There shall be levied and assessed upon such shares of capital stock an annual tax, payable to the state, of one per centum upon the value thereof. The value of each share of stock in each bank, except such as are in liquidation, shall be taken to be the amount paid in thereon, together with its pro rata of the accumulated surplus and undivided profits. The value of each share of stock in each bank which is in liquidation shall be taken to be its pro rata of the actual assets of such bank."

The state board was in error in assuming that the balance of $8,731.43 in the hands of the bank superintendent on the first Monday of March, 1913, constituted any part of the assets of the bank, or any part of the shares of the capital stock thereof. The bank being in liquidation, the value of each share was "its *pro rata* of the actual assets of the bank." It will be seen from the foregoing statement that the entire assets of the bank had been converted into money, and that, in addition thereto, the superintendent had received from the stockholders the sum of $45,358 on their individual liability. The assets and the stockholders' contribution together made up the sum of $563,618.37, in the hands of the superintendent for the payment of debts. When the superintendent made payments out of this fund exceeding the total assets of the bank, he began immediately to encroach upon the fund contributed by the stockholders. The stockholders' liability to creditors is direct. So, also, is that of the bank. The creditors may pursue each independently of the other. But as between the bank and the stockholders, and for the purpose of ascertaining the value of the shares, the bank has the primary liability for debts and its funds must be first exhausted. Hence it follows that the balance of $8,731.43, left after paying $554,896.94 out of the combined fund, must, for purposes of taxation, be deemed to be left over from the contributions of the stockholders. The funds so obtained from them by the superintendent of banks constituted no part of the bank's assets. (*Williams* v. *Carver*, 171 Cal. 658, [154 Pac. 472].) Such contributions are not to be counted in ascertaining the value of the shares. The superintendent of banks, under the law as it then existed, had no authority whatever, in his official capacity, to demand contribution from the stockholders on account of this personal liability. (*Williams* v. *Carver*, *supra*.) In contemplation of law, their contributions were voluntary and the bank superintendent, in accepting the money from them and administering it, was not acting officially, but was their private agent for that purpose. He should not have reported the balance left of their contributions as part of the assets of the bank. The fact that he did so gave no authority to the state board to assess it, under the constitutional provision, as the value of the shares. If taxable at all, it was to be taxed as money belonging to each stockholder in proportion to his contribution. The bank

being in liquidation, the value of each share, according to the constitutional plan for taxation, was its "pro rata of the actual assets of the bank." There were no "actual assets" of the bank in existence, and, consequently, no value in the shares. The court below was correct in its conclusion that no tax was justly chargeable on account of this fund, and in rendering judgment for the defendants.

The judgment is affirmed.

Sloss, J., Henshaw, J., Melvin, J., Lawlor, J., and Angellotti, C. J., concurred.