JOHNS-MANVILLE SALES CORPORATION (AND ANY OTHER CREDITORS OF TOWNSEND BUILDERS SUPPLY, INC., JOINING HEREIN, OR ON BEHALF OF ALL CREDITORS OF TOWNSEND BUILDERS SUPPLY, INC., AS THE COURT MAY REQUIRE) v. P. C. TOWNSEND, P. T. NEWTON AND ESTELLE McK. TOWNSEND, DEFENDANTS, AND W. ALLEN COBB, TRUSTEE, AS HE MAY ALIGN HIMSELF EITHER AS PARTY PLAINTIFF OR DEFENDANT.

(Filed 17 September, 1958.)

**Bankruptcy § 2: Corporations § 13—**

Where a corporation has been placed in bankruptcy, right to institute action under G.S. 55-56, (prior to the effective date of Ch. 1371, Session Laws of 1955) to recover from officers and stockholders for fraudulent withdrawal, depletion and appropriation of the assets of the corpora-

tion, vests in the trustee in bankruptcy, and creditors of the corporation may not maintain such action even after refusal of the trustee to institute suit, since the creditors' remedy is by petition to the court of bankruptcy for an order compelling the trustee to bring such suit. 11 U.S.C.A., Bankruptcy, Sec. 110.

On writ of certiorari to review order of *Hobgood, J.,* allowing motion to strike allegations of the complaint, entered at October Civil Term, 1957, of COLUMBUS.

Civil action brought by the plaintiff, creditor of Townsend Builders Supply, Inc., of Whiteville, North Carolina, now in bankruptcy, against P. C. Townsend, P. T. Newton and Estelle McK. Townsend to recover of them the amount of the plaintiff's claim against the bankrupt corporation, on the ground of alleged fraudulent withdrawal, depletion, and appropriation of the assets of the corporation by the defendants. The male defendants are officers and directors of the defunct corporation, and the feme defendant is a stockholder. The Trustee in Bankruptcy, W. Allen Cobb, is joined as a nominal party defendant.

These in summary are the pertinent allegations of the complaint: That during or about the months of April and August, 1955, the plaintiff sold and delivered to Townsend Builders Supply, Inc., merchandise of the sum and value of $1,210.79, no part of which has been paid; that claim for the full amount has been duly filed with the Referee in Bankruptcy, and it has been approved and allowed.

That during the months of March, April and May, 1956, and prior thereto, the defendants Newton and Townsend conspired together to defraud the creditors of the corporation and to misappropriate and wrongfully convert to their own use, and to the use of their respective wives, the assets of the corporation, and then place the corporation in bankruptcy; that in pursuance of the conspiracy so formed, the defendant P. C. Townsend, acting in concert and collaboration with the defendant Newton, misappropriated in excess of $30,000 in cash money belonging to the corporation and concealed same by depositing it under various assumed and fictitious names in banks located outside of his home county, and in various safe deposit boxes; that preparatory to filing a petition in bankruptcy, the defendants Newton and Townsend withdrew the best and most collectible accounts receivable belonging to the corporation, totalling more than $40,000, and misappropriated and concealed same, intending thereby to collect the accounts for themselves and to deprive the bankruptcy court of these assets; that the aforesaid assets, and others, were fraudulently omitted from the schedule of assets of the corporation in the bankruptcy petition filed in the District Court by the defendants P. C. Townsend and P. T. Newton; that several sizable assets were converted jointly

by P. C. Townsend and wife, Estelle Townsend, and placed in property owned jointly by them. (Reference to the allegations describing in detail the numerous wrongful acts of concealment and conversion complained of is omitted as not being pertinent to decision.)

That Townsend Builders Supply, Inc., has been adjudged a bankrupt in proceedings now pending in the United States District Court, Eastern Division of North Carolina; "that none of the assets of said bankrupt are available for the satisfaction of the indebtedness sued for herein; . . . that the Bankruptcy administration of the assets . . . will not result in full payment to the plaintiff of the amount owed to it. . . ."

"That plaintiff has made request upon W. Allen Cobb, Trustee, to institute suit on behalf of all creditors for the matters and things alleged herein, . . .; That the Trustee in Bankruptcy has reported that the assets of the corporation have been exhausted and liquidated and that the net proceeds in his hands available for general creditors is only approximately 50% of their claim. . . . That the said W. Allen Cobb, Trustee, has failed and declined to institute this suit on behalf of plaintiff or other creditors similarly situated."

The defendant moved to strike the allegations of paragraphs 4 through 35, which contain all the material allegations of the complaint, upon the ground that the right to bring the action is vested in the Trustee in Bankruptcy, and that the Superior Court of Columbus County is without jurisdiction to proceed in the cause. The trial court entered an order allowing the motion. The plaintiff excepted and filed a petition for *certiorari* pursuant to the provisions of Rule 4 (a), Rules of Practice in the Supreme Court, 242 N.C. 766. The petition was allowed.

*Powell & Powell for plaintiff, appellant.*

*J. K. Burns and Varser, McIntyre, Henry & Hedgepeth for defendants P. C. Townsend and P. T. Newton, appellees.*

*Proctor & Proctor for defendant Estelle McK. Townsend, appellee.*

JOHNSON, J.  The action is brought under G.S. 55-56 as written prior to the effective date of Ch. 1371, Session Laws of 1955, known as the Business Corporation Act, which became operative 1 July, 1957, and is now codified as G.S. 55-1 through 55-175.

G.S. 55-56 of the old Corporation Code provided: "In case of fraud by the officers, directors, managers, or stockholders, in a corporation, the court shall adjudge personally liable to creditors and others injured thereby the officers, directors, managers, and stockholders who were concerned in the fraud."

It may be conceded that the provisions of the foregoing statute provide a right of action against the defendants, officers, directors and shareholders of the corporation, for their alleged fraudulent acts and conduct.

However, before the instant case was instituted, the United States District Court in bankruptcy proceedings had acquired jurisdiction of the assets of the corporation. And an action like the instant one under G.S. 55-56 against the defendants for the frauds alleged is a valuable asset of the bankruptcy estate. In effect, it is an action to recover assets of the corporation for the benefit of all its creditors. Necessarily, then, we take cognizance of 11 U. S. C. A., Bankruptcy, Sec. 110, by the terms of which the Trustee in Bankruptcy has the superior right, and is the proper party, to sue on behalf of the creditors. See *Dean v. Shingle*, (Cal.) 246 P. 1049; *Kahle v. Stephens*, (Cal.) 4 P. 2d 145. In 8 C. J. S., Bankruptcy, Sec. 337, p. 1092, it is said: "The right of suit for the liability of a breach of duty in the fiduciary relationship of the officers and directors of a corporation which inheres in the corporation, may be maintained by its trustee in bankruptcy, even though solely for the benefit of creditors; thus an action against the officers or directors for losses resulting from . . . fraud, or mismanagement must be brought by the trustee."

The failure or refusal of the trustee to bring suit does not, nothing else appearing, empower a creditor to do so. "The general rule is that the failure or refusal of the trustee to bring and prosecute an appropriate action to set aside a fraudulent transfer does not entitle a creditor to do so. Ample means are placed in the hands of creditors to enable them to inform the court of the necessity of any particular proceeding for the purpose of recovering property fraudulently transferred. A creditor is not without remedy where the trustee refuses to bring suit. He is entitled to petition the court of bankruptcy for an order compelling the trustee to bring suit. The trustee must then comply or suffer removal from office." 6 Am. Jur., Bankruptcy, Sec. 1169, p. 1253. See also Annotation, 158 A. L. R. 1274, 1276; *Glenny v. Langdon*, 98 U.S. 20, 25 L. ed. 43; *Trimble v. Woodhead*, 102 U.S. 647, 26 L. ed. 290.

It thus appears that the plaintiff's remedy after refusal of the Trustee to institute action was and is to petition the United States District Court for an order compelling the Trustee to bring suit. The plaintiff's failure to pursue its remedy in the District Court precludes maintenance of the instant action.

We intimate no opinion as to whether the plaintiff might re-institute and maintain an action if the bankruptcy court should refuse to require the Trustee to institute the suit. See, however, Annotation, 158 A. L. R. 1274, 1286, and 6 Am. Jur., Bankruptcy, Sec. 1169.

The decisions of this Court cited and relied on by the plaintiff are factually distinguishable.

The judgment of the court below is

Affirmed.