## In re KRANICH.

(District Court, E. D. Pennsylvania.   December 15, 1909.)

### No. 3,443.

1. BANKRUPTCY (§ 252*)—RECOVERY OF ASSETS—COMPROMISE.

   Where a bankrupt's trustee claimed that the bankrupt's wife had certain bonds of the face value of $5,000, and $6,274 in money which, in fact, belonged to the bankrupt's estate, but the wife claimed the money as her own, and conflicting testimony taken before the referee indicated that the trustee would be unable to recover the money except after tedious and expensive litigation, if at all, a proposed compromise by which the wife agreed to pay to the trustee $5,000, approved both by the creditors and by the referee, would be allowed.

   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 348; Dec. Dig. § 252.*]

2. BANKRUPTCY (§ 283*)—COMPROMISE—INJUNCTION BY BANKRUPT—RIGHT TO SUE.

   A bankrupt's title to property in the hands of his wife claimed to belong to his estate passed by the adjudication to his trustee, and hence

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

he had no capacity to sue in a state court to restrain the trustee from carrying out a proposed compromise of the claim against the wife.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 283.*]

In the matter of the bankruptcy of Charles Kranich. On certificate of a referee asking for the approval of a compromise, and motion for an order restraining the carrying out of the compromise. Order approving compromise affirmed, and injunction granted.

The following is the certificate of the referee's certificate on review:

I, Theodore M. Etting, the referee in bankruptcy, to whom the above-entitled matter was referred, do hereby certify that in the course of said proceedings I made, on the 23d day of June, 1909, the following order:

"And now, to wit, this 23d day of June, 1909, it is ordered, without prejudice to any interest, that, pending the determination of the right of ownership to certain 5 per cent. bonds of the St. Louis & Springfield Traction Company, having a face value of $5,000, now in the hands of Sheldon Potter, Esq., and $6,274 in money also in the hands of Sheldon Potter, Esq., said money and bonds shall, until the final determination of the ownership thereof, be retained by Sheldon Potter, Esq., provided however, nevertheless, that, pending the determination of said controversy, the said Sheldon Potter, Esq., is authorized to pay to Hannah Kranich the sum of $10 per week for maintenance and support. This order is made with the consent of all parties in interest."

For the better understanding of this order, it is proper to state that in the course of the proceedings the trustee called Hannah Kranich, the wife of the bankrupt, as a witness. From the testimony of Mrs. Kranich and other witnesses, it appeared that there was in the possession of Sheldon Potter, Esq., her counsel, $6,274 in money and certain 5 per cent. bonds of the St. Louis & Springfield Traction Company having a face value of $5,000. The bonds and money were claimed by Mrs. Kranich as her property, acquired from carrying on a retail bakery at No. 100 Bringhurst street under an agreement with her husband, Charles Kranich, by the terms of which she was to conduct the store and have the profits in consideration of keeping house, boarding all the help, and clothing herself and children. This was denied by her husband.

Neither the bonds nor money were at any time in the hands of the trustee in bankruptcy. The referee did not consider that he was authorized to make an order directing Mr. Potter to deliver the bonds or money to the trustee or to determine the ownership thereof. It was, however, desired, if possible, that, pending the determination of ownership, possession should be retained by Mr. Potter. An agreement was arrived at between Mr. Potter, the trustee in bankruptcy, and Hannah Kranich that, pending the determination of ownership, and without prejudice, the money and bonds should be retained by Mr. Potter, provided that in the interval he was given authority to pay $10 a week to Hannah Kranich for her maintenance and support.

The order of June 23, 1909, was drawn to give effect to the above understanding. It may be that at the time the order was made counsel for bankrupt was consulted, but if so the referee has no remembrance that such was the case, nor has he any remembrance that any suggestion was at that time made that the bankrupt could, by any possibility, have an interest in the fund in the event of its recovery. It is averred in the petition for review that the effect of the above order was a submission of the ownership of the property to the bankruptcy court by the parties in interest. The referee does not understand the order, nor does he believe that such was the intention of the parties. That the trustee in bankruptcy did not so understand it is manifest. The compromise hereinafter referred to was occasioned by proceedings which he was about to bring in another forum to determine ownership. The offer of compromise which was made before the above proceedings were brought was submitted by the trustee to the creditors of the bankrupt and to the referee. The creditors were unanimous in desiring to accept the compromise, and after due consideration it was approved by the referee notwithstanding the objections of the bankrupt, and the following order with respect thereto was on the 1st day of November, 1909, entered:

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

"And now, to wit, this 1st day of November, 1909, the above and foregoing petition having come on for a hearing at a meeting of creditors held, after 10 days' notice, and all of the creditors present in person, or by attorney, having voted in favor of the offer of settlement contained in said petition, and said offer having been approved by the referee, the trustee is authorized and directed to accept in full and final settlement of any and all claims of the trustee against Hannah Kranich the sum of $5,000."

On the 11th day of November, 1909, the bankrupt, feeling aggrieved thereat, filed a petition for review which was granted. In said petition it is averred that the value and amount of the property and funds in the hands of Sheldon . Potter, Esq., together with the assets in the trustee's possession, far exceed the debts and claims against the estate, and that if recovered there will be a large excess to which the petitioner will be entitled. Whether this be true or not must, of course, depend upon the amount recovered and upon the amount of claims made against the bankrupt estate. If it should be found that the entire amount in dispute is the property of the bankrupt, and if no claims are filed other than those scheduled by the bankrupt, the averment will be true. There would, in that event, probably be a fund of, say, $4,000, after the payment of his debts.

It is further averred by the petitioner that the purpose of Hannah Kranich in making the offer of settlement is to withdraw the surplus of this property, after making the payment authorized by the above order, and appropriate it to her own use. This, I assume, is true.

The contention of the bankrupt, as I understand it, is that the order of June 23, 1909, precludes an amicable adjustment of the controversy and compels the creditors of the bankrupt at their expense and risk and against their wishes to carry on a contest. If, as a result of such contest, Hannah Kranich should succeed, it may be doubted if the creditors of the bankrupt would receive a penny, as the litigation would probably consume the small fund now in the hands of the trustee. If, on the other hand, the contest should be successful, if the bankrupt has the interest which he claims, more than half of the fund will revert to him. In other words, the expense of litigation falls upon the creditors in either event; and if successful they will lose half of the fund, and if defeated they lose it all.

The compromise of controversies is by section 27 of the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 553 [U. S. Comp. St. 1901, p. 3433]) to be made "with the approval of the court"; even the action of creditors is not final. Collier on Bankruptcy (4th Ed.) p. 275; In re Heyman (D. C.) 5 Am. Bankr. Rep. 808, 108 Fed. 207.

The referee, subject to review, determines whether an offer of compromise shall be accepted or refused. The question therefore is whether the discretion thus given has or has not been wisely exercised.

For the further information of your honorable court, I send up herewith the petition for certification above referred to.

All of which is respectfully submitted.

Sidney L. Krauss, for trustee.

Joseph H. Shoemaker, for bankrupt.

J. B. McPHERSON, District Judge. .When Charles Kranich was adjudged a bankrupt, whatever right he may then have had to recover the money that was afterwards found to be in his wife's possession passed by operation of law to his trustee. It was a right of property which the statute laid hold upon and transferred to the trustee for the benefit of the creditors. But when its existence was disclosed it was seen, also, that it might never be fruitful. The wife claimed to be the sole .owner of the fund, and the conflicting testimony that has been taken showed that the trustee's road to recovery would certainly not be unobstructed, and might also be tedious and expensive. Under the circumstances the proposed compromise of the claim against her—

which has been approved by the creditors as well as by the referee—seems to me a judicious settlement of the dispute.

The order of the referee approving the compromise is therefore affirmed.

The bankrupt, forecasting a possible profit to himself in case the trustee should go on with the litigation against the wife and recover the whole fund—for the fund is large enough to pay all his debts and leave a surplus for himself—has filed a bill in equity in the court of common pleas of Philadelphia county, seeking to restrain his wife, her counsel, and his trustee in bankruptcy, from carrying out the proposed compromise. The remaining matter now before the court for decision is a petition asking that he be restrained from further prosecuting the suit. It is clear, I think, that the bankrupt had no right to bring the action. He has no legal title to the fund in controversy, for the title is now in his trustee; and, moreover, he cannot be permitted to ask the common pleas to interfere with the administration of an estate in bankruptcy.

The restraining order is therefore granted as prayed.