[Civ. No. 2983.   First Appellate District, Division One.—September 2, 1919.]

## A. W. GREENE, as a Creditor, etc., Appellant, v. WM. H. MOORE, Jr., as Trustee in Bankruptcy, etc., Respondent.

[1] BANKRUPTCY—ACTION BY CREDITOR AGAINST TRUSTEE—FAILURE OF TRUSTEE TO COMMENCE ACTION ON BEHALF OF ESTATE—INSUFFICIENT COMPLAINT.—In an action by a creditor of a bankrupt on behalf of himself and other creditors against the trustee in bankruptcy for damages for refusal to commence an action against certain parties who are alleged to have seized and sold certain property of said bankrupt, and for the value of which said parties are said to be liable to his estate, the complaint does not state a cause of action where it fails to allege an abuse of the discretion with which the trustee is invested with respect to the bringing of actions in the interest and for the benefit of the estate.

[2] ID.—BRINGING OF ACTIONS ON BEHALF OF BANKRUPT ESTATE— DISCRETION OF TRUSTEE—RIGHTS OF CREDITORS.—The trustee in bankruptcy and not a creditor or any number of creditors is the sole judge of the matter of when or whether to bring such actions; and in the absence of an abuse of the discretion with which he is invested he is not subject to the dictation or control of the creditors of the estate.

[3] ID.—JURISDICTION OF FEDERAL COURTS EXCLUSIVE — REMEDY OF CREDITORS.—While the proceedings in bankruptcy are pending in the federal court, the jurisdiction of that court over the assets of the bankrupt and the actions of the trustee in bankruptcy is exclusive. The remedy of a creditor is to apply to the federal court for relief from any neglect or refusal of the trustee to perform his duty, and that court upon a proper showing will compel the trustee to proceed or remove him for his disobedience or neglect of duty.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Grant Jackson, Judge.   Affirmed.

The facts are stated in the opinion of the court.

E. M. Barnes for Appellant.

---

1. Liability of trustee in bankruptcy for failure to collect assets, note, 16 L. R. A. (N. S.) 341.

Bowen & Bailie, Norman A. Bailie and Frederick W. Lake for Respondent.

RICHARDS, J.—This is an appeal from a judgment in favor of the defendant after an order sustaining his demurrer to the plaintiff's complaint without leave to amend.

The action is one brought by the plaintiff as one of the creditors of one R. B. Tolmie, a bankrupt, the plaintiff purporting to bring said action on behalf of himself and many other creditors of said bankrupt, though who or how many of these creditors there are, or by what authority the plaintiff assumes to represent them, is not made to appear. The complaint alleges that the proceedings in bankruptcy of said Tolmie are pending in the United States district court of the southern district of California, wherein the said Tolmie has been duly adjudicated a bankrupt, and wherein the defendant herein has been, and still is, the duly appointed, qualified, and acting trustee of the estate of said bankrupt. The complaint further alleges that the plaintiff herein has demanded of such trustee that he commence a certain action against certain parties who are alleged to have seized and sold certain property of said bankrupt, and for the value of which said parties are alleged to be liable to said estate; that the defendant as such trustee has refused to commence said action, by which refusal the plaintiff and the other parties whom he assumes to represent have been damaged in the sum of $862.27, for which sum he prays judgment against said trustee.

The defendant demurred to this complaint upon two main grounds: First, that said complaint did not state facts sufficient to constitute a cause of action; second, that the court had no jurisdiction of the subject of the action. The court sustained this demurrer generally without leave to amend.

[1] We are of the opinion that the judgment of the trial court rendered after making said order was proper for both of the reasons urged in said demurrer. The complaint failed utterly to show any abuse of the discretion with which the trustees of bankrupts are invested with respect to the bringing of actions in the interest and for the benefit of the estate. [2] He and not a creditor or any number of creditors is the sole judge of the matter of when or whether to bring such actions; and in the absence of an alleged abuse of the dis-

cretion with which he is invested he is not subject to the dictation or control of the creditors of the estate. (*In re Baird,* 112 Fed. 960; *In re Columbia Iron Works,* 142 Fed. 234; Remington on Bankruptcy, sec. 900.) There being no averment in the complaint herein showing any abuse of this discretion, it failed to state a cause of action.

[3] But the order of the court in sustaining said demurrer without leave to amend is sustainable for another and stronger reason. The proceedings in bankruptcy were pending in the federal court at the time this action was commenced, and the defendant herein was then, and still is, the duly appointed officer of that court. The jurisdiction of the federal court over the assets of said bankrupt and over the actions of said trustee is exclusive, and the state courts have no jurisdiction over either during the pendency there of said proceedings. (*Iu re Watts,* 190 U. S. 1, [47 L. Ed. 933, 23 Sup. Ct. Rep. 718, see, also, Rose's U. S. Notes]; *In re Anderson,* 23 Fed. 482; *White* v. *Schloerb,* 178 U. S. 542, [44 L. Ed. 1183, 20 Sup. Ct. Rep. 1007].) None of the cases cited by the appellant holds to the contrary. The remedy of a creditor in such a case as this is complete; he may apply to the federal court for relief from any neglect or refusal of the trustee to perform his duty, and the court upon a proper showing will compel him to proceed or remove him for his disobedience or neglect of duty. The exclusive jurisdiction to thus control its officer rests with said court. It follows that the order of the trial court sustaining the defendant's demurrer without leave to amend was proper.

The judgment is affirmed.

Waste, P. J., and Kerrigan, J., concurred.