## CARTER v. RIVES.

### In re PARRISH.

(Circuit Court of Appeals, Fourth Circuit. November 19, 1925.)

No. 2336.

1. Bankruptcy ⊂⇒303(1)—One asserting trustee's abandonment or disclaimer of property has burden of proof.

One asserting that trustee in bankruptcy, without permission of court, abandoned or disclaimed property, retention of which would not involve any consideration burden on estate, has burden of proof.

2. Bankruptcy ⊂⇒150 — Property held not abandoned by trustee, but sale thereof and distribution of proceeds in specific manner warranted.

Where trustee in bankruptcy did not learn until after lapse of three years that certain vacant lot was property of bankrupt, and then delayed for several years before applying for order to sell it, within which time bankrupt borrowed money, giving deed of trust on lot as security, and therewith erected garages on land, and then sold his equity of redemption. held, there was no abandonment or disclaimer by trustee, and property would be sold and proceeds paid first to trustee cost of proceedings, plus unimproved value of land, plus net income received by bankrupt, and then to bankrupt and his alienees. to extent of expenditures by them, with remainder, if any, to trustee.

Appeal from the District Court of the United States for the Eastern District of Virginia, at Richmond, in Bankruptcy; Edmund Waddill, Jr., and D. Lawrence Groner, Judges.

In the matter of the bankruptcy of T. D. Parrish. From a decree holding that J. H. Rives, trustee, has not· abandoned or disclaimed property, and directing sale thereof, Willie Gertrude Carter appeals. Affirmed.

John Howard, of Richmond, Va., for appellant.

J. H. Rives, Jr., of Richmond, Va. (S. S. P. Patteson, of Richmond, Va., on the brief), for appellee.

Before WOODS and ROSE, Circuit Judges, and MEEKINS, District Judge.

ROSE, Circuit Judge. This case concerns a lot of ground in the city of Richmond, which on the 13th of February, 1913, and for some years preceding, was the prop-

erty of one Parrish, in whose name the recorded title to it stood. On the day mentioned, he was adjudicated a bankrupt. He did not schedule the lot in question among his assets, and it was not until some three years later that he told his trustee anything about it. In April, 1920, the latter applied to the bankruptcy court for an order to sell it. In the meantime the bankrupt had the lot put on the tax books in his name and executed a deed of trust upon it to secure $800, which he borrowed. He expended $1,000 in erecting garages upon it. Shortly after the institution by his trustee of the proceedings to have it sold as part of the assets of the estate, the bankrupt assumed himself to sell the equity of redemption in it to one Barlow, who some 10 months later conveyed it to the appellant. It is contended that the trustee in bankruptcy had abandoned the lot, or had refused to accept it as part of the assets of the estate, and in fact disclaimed all interest in it.

[1] We have been favored by counsel on both sides with a learned and able discussion as to how and under what circumstances, if any, a bankrupt trustee may, without approval of the court, be held to have abandoned or refused to accept as part of the estate some property belonging to the bankrupt. We do not find it necessary, however, to go into any nice questions which, under other state of facts, might possibly arise. It is sufficient to say that when, as here, such claim is made, the burden of proof in any possible view of the law rests heavily upon one who asserts that the trustee, without the permission of the court, has abandoned or disclaimed property, the retention of which does not involve any considerable burden upon the estate, as in this case it would not have. We do not think it necessary to comment upon the evidence, further than to say that we are fully in accord with the learned referee and District Judge below in their finding that such burden has not been sustained.

[2] The court below found, and the evidence justified it in so finding, that the unimproved land was worth, before and after the construction of the garages, $500, and that the bankrupt had received $175.75 net, over and above taxes and current expenses, as rent for them. The trustee was directed to sell the land. Out of its proceeds, the costs of the proceedings were first to be paid. The trustee was to get the aggregate of the two sums above mentioned, or $675.75. The next $1,000, if so much was realized, should go to the bankrupt or to his alienees, to reimburse him or them for the $1,000 expended by him in putting improvements upon the land. If there still remained a surplus, the trustee was to receive it. This was an equitable way of dealing with the conditions as they existed. We are unable to agree with the learned counsel for the appellant that the position previously taken by the trustee made such a decree improper.

Affirmed.

Judge WOODS, who sat in the case, agreed that the decree should be affirmed, but died before the above opinion was written.