[Civ. No. 11995.   First Dist., Div. Two.   Apr. 7, 1942.]

WILLIAM I. HEFFRON, as Trustee in Bankruptcy, etc., Plaintiff, v. JENNIE ROSENBERG, Respondent; LLOYD VAUGHN, Appellant.

George T. Goggin and Halverson & Halverson for Appellant.

Michael F. Shannon and Thomas A. Wood for Respondents.

NOURSE, P. J.—Plaintiff, as trustee in bankruptcy of the Estate of Jennie Rosenberg, commenced this action against Vaughn and Mrs. Rosenberg on the theory that the bankrupt was an undisclosed partner of Vaughn and that the latter held valuable assets in his own name, half of which should go to the trustee as assets of the bankrupt. The bankrupt filed an answer admitting all the allegations of the complaint, and then filed a cross-complaint pleading substantially the same matters alleged in the trustee's complaint. On the same day that the cross-complaint was filed the trial court, on application of the cross-complainant, issued an order to show cause why a receiver should not be appointed to take possession of all the property held by Vaughn. In response to this order Vaughn filed a demurrer to the cross-complaint, and an affidavit denying the partnership and disclosing a compromise and settlement of the entire controversy between the trustee and himself, duly approved by the referee in bankruptcy. Following a hearing upon the order to show cause the trial court appointed a receiver fixing his bond at $5,000 and granting Vaughn a stay on appeal if he filed a bond in the sum of $50,000. The appeal is taken from the order appointing the receiver.

It is not possible to sustain the order upon any legal ground, but, in the interest of brevity, we will confine our discussion to two issues—that the court was without juris-

diction to make the order, and that it is not supported by judicial discretion.

Mrs. Rosenberg filed a voluntary petition in bankruptcy in March, 1939, and was duly discharged in November, 1939. In December, 1940, the proceedings were reopened upon the affidavit of Mrs. Rosenberg stating that *she believed* that she had a partnership interest in the property standing in the name of Vaughn amounting to over $150,000, but that, through mistake, misapprehension, and misunderstanding, she had failed to include it in her inventory. In her cross-complaint she alleged that in 1923 she entered into an agreement of partnership with Vaughn under which they acquired numerous pieces of real estate, including an apartment house located on West Eighth Street in the city of Los Angeles; that the partnership also acquired valuable stocks and securities; that she filed the original petition in bankruptcy because of a deficiency judgment for $4,200 and that there are other creditors in the sum of $1,500; that Vaughn has repudiated and denied the existence of the partnership, but that he had made an offer to the trustee to settle the controversy by the payment of a fixed sum.

The trustee, as plaintiff and cross-defendant, filed an affidavit showing that a proposal of compromise was made by Vaughn, that the creditors duly accepted the proposal, and that the referee, after a hearing at which the bankrupt was present and made her objections, made his order confirming the proposal and directing the trustee to dismiss this proceeding.

In the affidavit of Vaughn filed in response to the order to show cause he denied the partnership relation; alleged that he was the sole owner of the apartment house located on West Eighth Street, that Mrs. Rosenberg had been employed by him at a fixed salary as manager of the apartment house. Attached to the affidavit was the "statement of affairs" verified by the bankrupt and filed in the bankruptcy proceedings, and also a transcript of her testimony taken in those proceedings. In both instances she took oath that she had been employed by Vaughn at a salary of $600 a year, and that she was not engaged in any business or partnership. She testified that five years preceding she had owned an apartment house which she traded for a worthless ranch, and that one of the claims against her was based on a deficiency judgment arising out of that transaction. She further testified that Vaughn owned

the apartment house on West Eighth Street where she was employed, that she never owned that property, and that she had never had any business dealings, trades, or transfers with Vaughn. The order of compromise expressly found that the offer was "fair, reasonable and equitable," that the bankrupt had no assets other than the possibility of recovery in this action which "is extremely doubtful," but that she be permitted to continue the action if she filed a bond indemnifying the estate against loss in the sum of $7,500 if she failed to recover an amount equal to the compromise accepted—$6,000. She failed to comply with this order, but insists upon continuing the litigation, notwithstanding the compromise and the order of the bankruptcy court.

The demurrer to the cross-complaint was overruled. It should have been sustained because the trial court was without jurisdiction to entertain the proceedings based upon the cross-complaint. "After adjudication of bankruptcy and the appointment and qualification of a trustee, the bankrupt is without right to institute or prosecute an action, cross-action, or proceeding except on a cause of action not passing to a trustee." (8 C. J. S. p. 1362; 6 Am. Jur. p. 732.) Section 70a of the Bankruptcy Act (Title 11, U.S.C.A., sec. 110a) provides that the trustee shall be vested with the title of the bankrupt in all property which prior to the filing of the petition he could have transferred, including "rights of action arising upon contracts." When the bankrupt has an interest in a partnership, which passes to the trustee under this section of the act it becomes the right of the trustee to protect the bankrupt's interest by suit against the other partner, if suit is necessary. Here the trustee exercised that right by commencing this action. As trustee he had complete control over the action, subject to the approval of the bankruptcy court. (*Williams* v. *Lane,* 158 Cal. 39, 42 [109 Pac. 873]; *Greene* v. *Moore,* 43 Cal. App. 91, 93 [184 Pac. 506]; *Electric Utilities Co.* v. *Smallpage,* 137 Cal. App. 640, 642 [31 P. (2d) 412]; *Dean* v. *Shingles,* 198 Cal. 652, 659 [246 Pac. 1049, 46 A. L. R. 1156]; *In re Kranich,* 174 Fed. 908, 911.)

Respondents cite passages from 8 C. J. S., pages 1362-1363, giving the bankrupt authority to sue in his own name "where the trustee renounces the claim or fails or declines to take it up and proceed with it, or the court of bankruptcy will not permit him to commence or prosecute the action." This is not the situation presented here. The trustee did not renounce

the claim or fail to prosecute the action, and the bankruptcy court did not prevent the prosecution of it. To the contrary, the action was commenced by the trustee and was alive and pending at the time the bankrupt sought to inject herself as a party.

█ However, since the demurrer was overruled and the application for a receiver was heard on the merits, the entire uncontroverted evidence required the denial of the application for the appointment of a receiver. It was shown that the whole claim upon which both the original complaint and the cross-complaint were founded was fully settled and compromised. The power of the trustee to effect the compromise is found in section 50, title 11, U. S. C. A., Bankruptcy Act. The power of the referee to approve the compromise and direct a dismissal of the suit in the state court is found in section 66 of the Bankruptcy Act. The order of the bankruptcy court affirming the compromise and terminating the litigation was entered on May 15, 1941. There is nothing in the record disclosing that an appeal was taken or that any other direct attack was made upon it. There is no contention here that such attack was made, and we must assume that it has become final. That order having the effect of a judgment of a judicial tribunal must now be deemed a final adjudication of the bankrupt's interests in the property involved in this litigation. (*Donald* v. *Bankers Life Co.*, 107 F. (2d) 810, 812; *In re Tinkoff*, 85 F. (2d) 305, 307; *In re Florsheim*, 24 F. Supp. 991, 992; *Sampsell* v. *Imperial Paper & Color Corp.*, 313 U. S. 215, 219 [61 S. Ct. 904, 85 L. Ed. 1293].)

This order of the bankruptcy court was based upon the express finding that the offer of compromise was "fair, reasonable and equitable" and that the possibility of recovery in the litigation by the bankrupt estate was "extremely doubtful," and that it was "for the best interest of the estate and all persons interested therein that said offer of compromise be accepted and approved."

The remedy of the bankrupt was by appeal or other direct attack to review the order, and the remedy lies in the bankruptcy court. The order was not subject to this collateral attack in the state court. Hence, the order of the trial court appointing a receiver to take possession of appellant's property was erroneous. █ Assuming that the bankrupt should be able to amend her cross-complaint to state a cause of action she could not prevail therein except by admitting her wilful

perjury in the bankruptcy proceedings, or by matching further perjury with that which has gone before. This proceeding being one in equity she is confronted with the settled rule that a party must come into a court of equity with clean hands. But here, upon the face of her cross-complaint, she concedes that she defrauded the bankruptcy court and her creditors, and prays that a court of equity will aid her in keeping the fruits of such fraud. The appointment of a receiver under such circumstances was a breach of judicial discretion.

The order is reversed.

Sturtevant, J., and Spence, J., concurred.