[Civ. No. 14550.   Second Dist., Div. Two.   Oct. 5, 1944.]

WILLIAM I. HEFFRON, as Trustee in Bankruptcy, etc., Plaintiff and Respondent, v. LLOYD VAUGHN, Defendant and Respondent; JENNIE ROSENBERG, Appellant.

John J. McMahon and Arthur C. Verge for Appellant.

Halverson & Halverson for Defendant and Respondent.

WOOD (W. J.), J.—The appellant, Jennie Rosenberg, on March 21, 1939, filed a voluntary petition in bankruptcy in the United States District Court for the Southern District of California and on the following day she was adjudicated a bankrupt. Hubert F. Laugharn was elected trustee and on November 20, 1939, an order was made discharging her from her provable debts, closing the estate, and discharging the trustee. During these proceedings appellant testified that she had been employed by respondent Lloyd Vaughn at a salary of $50 per month and that she was not engaged in any business or partnership. In December, 1940, the bankruptcy proceedings were reopened upon the filing of an affidavit by appellant in which she stated that she believed she had a partnership interest in property standing in the name of Vaughn amounting to over $150,000 and that through mistake and misunderstanding she had failed to include it in her inventory. Thereafter William I. Heffron was appointed trustee in bankruptcy and was authorized and directed by the referee in bankruptcy to commence the present action for the establishment of a trust in the property held by Vaughn and for an accounting. Appellant was made a party defendant in the action filed by the trustee and she filed an answer admitting all the allegations of the complaint and also filed a cross-complaint in which she pleaded the matters alleged in the trustee's complaint. On the application of appellant the trial court issued an order to show cause why a receiver should not be appointed to take possession of the property held by Vaughn. Vaughn filed a demurrer to the cross-complaint and an affidavit denying the partnership and disclosing a compromise and settlement of the entire controversy between the trustee and himself which had been duly approved by the referee in bankruptcy. The trustee also filed

an affidavit showing that the compromise proposal of Vaughn had been accepted and that the referee had made an order confirming the compromise proposal and directing the trustee to dismiss the present action.

Notwithstanding the affidavits of Vaughn and the trustee, the trial court upon the hearing of the order to show cause appointed a receiver for the property held by Vaughn. From the order appointing the receiver Vaughn prosecuted an appeal and the decision on that appeal, filed on April 7, 1942, reversing the order, is reported in 51 Cal.App.2d 156 [124 P.2d 74]. The facts of the litigation are there fully set forth. Upon the going down of the remittitur Vaughn moved for an order dismissing the action, basing his motion upon the record as already made, the opinion on appeal and the affidavit of George Halverson showing that the referee had approved the compromise and had issued a restraining order against the further prosecution of this action and ordering its dismissal with prejudice. The present appeal is taken from the judgment of dismissal entered upon the granting of Vaughn's motion.

All of the issues presented on the present appeal have been disposed of by the decision in the former appeal. Although the former appeal was from an order appointing a receiver it was held that the demurrer to the cross-complaint of appellant should have been sustained because the court was without jurisdiction to entertain the proceedings based upon the cross-complaint. It was further held that the trustee had complete control over the present action, subject to the approval of the bankruptcy court, with power to compromise claims with the approval of the referee; that the remedy of the bankrupt, if she felt dissatisfied, was in a direct appeal in the bankruptcy court and not in a collateral attack in the state court. In view of these rulings no course was open to the trial court other than to dismiss the action. The appeal is devoid of merit. The judgment is affirmed.

Moore, P. J., and McComb, J., concurred.

A petition for a rehearing was denied October 24, 1944.