[S. F. No. 17657.   In Bank.   Mar. 17, 1950.]

Estate of WILLIAM A. ALDRICH, Deceased. BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION, as Trustee, etc., et al., Respondents, v. WILLIAM ARNOLD ALDRICH, Appellant.

Augustin C. Keane for Appellant.

Donahue, Richards & Hamlin, Donahue, Richards, Rowell & Gallagher, Leicester & Leicester, Samuel B. Stewart, Jr., George D. Schilling, Orlando J. Bowman and Ernest J. Torregano for Respondents.

GIBSON, C. J.—Appellant, a beneficiary in two trusts created by the will of his grandfather, filed objections to the final account of respondent Bank of America, successor trustee of the testamentary trusts. His objections were rejected by the probate court, and he has appealed from the decree settling the account.

The testator left one-fourth of his estate in trust for his son, George Albert Aldrich, for life. Appellant, who was George.Albert's nephew, became entitled to one-eighth of the corpus of this trust upon the death of the life beneficiary in

1918. Another one-fourth of the estate was left by the testator in trust for appelant's mother and father, Minnie C. and William Holt Aldrich, for life. Appellant's interest in this trust, which was contingent upon his surviving the life beneficiaries, became distributable upon the death of his mother in 1946. These trusts will hereafter be referred to as the "George Albert" trust and the "William Holt" trust, respectively.

In 1919 appellant borrowed money from the Banca Populare Fugazi, hereinafter called "Fugazi," and made an assignment of his interest in one or both of the trusts to secure the loan. This assignment is somewhat ambiguous, and the principal question raised by appellant's objections to the final account was whether the assignment covered only appellant's interest in the George Albert trust, or whether it also covered his interest in the William Holt trust.

Appellant was declared a bankrupt in 1921, and all of his rights in the two trusts passed to the trustee in bankruptcy. (See 11 U.S.C.A. § 110(a); *In re Paleais,* 296 F. 403, 407, writ of cert. den., 264 U.S. 591 [44 S.Ct. 404, 68 L.Ed. 865].) A claim was filed in the bankruptcy proceeding by Fugazi for the amount of the loan then unpaid, and in 1922 appellant's interest in the George Albert trust was distributed to Fugazi in partial satisfaction of the debt. The contingent interest of appellant in the William Holt trust, which passed to the trustee in bankruptcy subject to any rights which Fugazi had under the assignment, will be referred to as the "remainder interest."

In 1931 respondent bank acquired the assets of Fugazi, including the unsatisfied portion of appellant's obligation, and in 1933 it also became the successor trustee of the William Holt trust upon acquiring the business and assets of the original trustee. After the death of appellant's mother in 1946, the bank as successor trustee set aside appellant's remainder interest to itself as holder of the assignment which appellant had given Fugazi, and this transaction was reflected in its final account.

Both appellant and his trustee in bankruptcy, who is also a respondent here, appeared in this proceeding. Appellant excepted to the account on the grounds that the assignment covered only his interest in the George Albert trust which had been distributed to Fugazi in 1922, that the unpaid portion of the obligation was not secured by the remainder interest in the William Holt trust, and that the bank was not entitled to the proceeds therefrom. The trustee in bankruptcy

acquiesced in the application of the proceeds of the remainder interest to the payment of the debt due the bank and asked that any residue be distributed to him as trustee for the benefit of the general creditors.

The probate court found that appellant's remainder interest in the William Holt trust passed to his trustee in bankruptcy subject to the rights of the bank under the Fugazi assignment, and that appellant's share in the William Holt trust was covered by the assignment to Fugazi. The court approved the account and ordered distribution of the remainder interest to respondent bank, there being no excess for other bankruptcy creditors.

Appellant contends that the finding of the probate court that the assignment to Fugazi covered his remainder interest in the William Holt trust is not supported by the evidence. We think it is clear, however, that appellant has no right to object to the settlement of the account, and therefore it is not necessary for us to pass upon this contention.

A bankrupt has no right to maintain an action regarding property which has passed to his trustee in bankruptcy, unless it has been abandoned by the trustee. (See *First Nat. Bank of Jacksboro* v. *Lasater,* 196 U. S. 115, 118-119 [25 S.Ct. 206, 49 L.Ed. 408]; *Stockwell* v. *McAlvay,* 10 Cal.2d 368, 374 [74 P.2d 504]; *Dean* v. *Shingle,* 198 Cal. 652, 659 [246 P. 1049, 46 A.L.R. 1156]; *Heffron* v. *Rosenberg,* 51 Cal.App.2d 156, 159 [124 P.2d 74].) A trustee may abandon worthless or burdensome assets, and title revests in the bankrupt on abandonment of the property. (4 Remington on Bankruptcy [4th ed., 1943] § 1407, p. 95.) It has been held, however, that "the burden of proof . . . rests heavily upon the one who asserts that the trustee, without the permission of the court, has abandoned or disclaimed property, the retention of which does not involve any considerable burden upon the estate . . . " (*Carter* v. *Rives,* 9 F.2d 62; *Stanolind Oil & Gas Co. et al.* v. *Logan,* 92 F.2d 28, 31), and abandonment in such circumstances must be predicated on some positive indication of intent to do so (*Tuffy* v. *Nichols,* 120 F.2d 906, 909).

The record shows that appellant was adjudicated a bankrupt in 1921, that the Fugazi claim was filed in the same year and was partially satisfied in 1922 by the application of the proceeds from the George Albert trust, that in 1923 points and authorities were submitted "on assignment of future interest under will" and a hearing was had before the referee

in 1925 in relation to the "bankrupt's interest in the will," that in 1937 an order was made granting the bank's petition for restoration of lost records and for leave to file an amended claim, that the bank's amended claim was filed immediately thereafter, that in 1938 the trustee's "report and account and order classifying creditors" was approved, and that appellant was discharged as a bankrupt in 1944. The bankruptcy proceeding, however, was not closed upon the discharge of the bankrupt, and it was still open in 1946 when the remainder interest became distributable. As before stated, the trustee in bankruptcy appeared before the probate court, consented to the application of the proceeds to payment of the bank's claim, and asked that any residue be distributed to him for the benefit of the general creditors. The bank's claim, including interest, was $165,002.73, the value of the remainder interest was $61,716.25, and the claims of general creditors totaled $14,000.

It can be reasonably inferred from the facts proved that consideration was given in the bankruptcy proceeding as to whether the bankrupt's remainder interest in the William Holt trust had been hypothecated, that the interest was treated by the trustee as being so hypothecated, and that the proceedings were kept open for the purpose of permitting a distribution of this asset following termination of the trust.

Appellant contends that the failure of the trustee to reduce the remainder interest to money constituted an abandonment of the asset, and in support of his position he relies on the provision of the Bankruptcy Act which requires the trustee to collect and reduce to money the property of the estate as expeditiously as is compatible with the best interests of the parties in interest. (11 U.S.C.A. § 75(a)(1).) There are two answers to this argument: first, the evidence does not establish that the trustee violated his duty in this regard, and, second, even if it could be said that he did not exercise good judgment in waiting until the termination of the trust before attempting to realize on the asset, this would not amount to an abandonment. The remainder interest was not collectible unless appellant survived the life beneficiaries, and the amount of appellant's interest was dependent upon the number of other designated remaindermen who might also survive the termination of the trust. In view of the uncertainties involved it would seem clear that the trustee was not required to attempt to make a sale of the interest, and that his conduct was not incompatible with the best interests of the bankrupt and his

creditors. In any event, even if the trustee violated a duty by failing to attempt liquidation of this asset, mere inaction, as has been stated, could not alone amount to an abandonment. (*Tuffy* v. *Nichols*, 120 F.2d 906, 909.)

Appellant also contends that the acquiescence of the trustee in bankruptcy in the application of the proceeds of the remainder interest to the payment of the bank's claim constituted an abandonment. While the trustee in bankruptcy may object to any claim of doubtful validity and may pursue property of the bankrupt which is held as security for such a claim, the allowance of claims and the proper order of payment of creditors are questions within the exclusive jurisdiction of the bankruptcy court (see *Isaacs* v. *Hobbs etc. Co.*, 282 U.S. 734, 738-739 [51 S.Ct. 270, 75 L.Ed. 645] ; *United States* v. *Wood*, 290 F. 109, 111, affirmed 263 U.S. 680 [44 S.Ct. 134, 68 L.Ed. 503] ) which is interested equally in the payment of secured and unsecured claims (*In re Stamps*, 300 F. 162, 165), and it is the duty of the trustee to determine, under the supervision of the bankruptcy court, the value of securities held by secured creditors and to credit the amount of such value upon their claims. (11 U.S.C.A. § 93(h).) In the present proceeding the trustee in bankruptcy has acknowledged the validity of the secured claim of respondent bank and has appeared in this proceeding to ask that any residue be distributed to him for the benefit of the general creditors. His conduct, rather than indicating an abandonment of the asset, demonstrates an effort to close the estate as expeditiously as possible in accordance with the provisions of the Bankruptcy Act. In the absence of any showing by appellant to the contrary, it will be assumed that the trustee is acting properly under the supervision and control of the bankruptcy court and within the scope of his powers as trustee. If the trustee is in fact acting improperly and without the approval of the bankruptcy court, the remedy lies in applying to that court for appropriate action. (*Gochenour* v. *George & Francis Ball Foundation*, 35 F. Supp. 508, 517; *Heffron* v. *Vaughn*, 66 Cal.App.2d 161 [152 P.2d 23] ; *Pourroy* v. *Gardner*, 122 Cal.App. 521, 527 [10 P.2d 815] ; *Greene* v. *Moore*, 43 Cal.App. 91 [184 P. 506].)

All of appellant's interest in the two trusts passed to the trustee in bankruptcy, and since appellant has failed to show that the asset has been abandoned, he has no right to object to the final account. In view of our disposition of this case

it is unnecessary to consider additional evidence offered by respondent bank, and, accordingly, its application for leave to produce such evidence is denied.

The decree appealed from is affirmed.

Shenk, J., Edmonds, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.

Appellant's petition for a rehearing was denied April 13, 1950.