[Civ. No. 15366.   First Dist., Div. Two.   Aug. 25, 1952.]

JOHN STEWART ROBERTS, Appellant, v. BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION (a National Banking Association) et al., Respondents.

McNeil, Hilger, Markley & Sapiro for Appellant.

Samuel ·B. Stewart, Jr., H. H. Bechtel, Carlisle C. Crosby and Peter J. Crosby, Jr., for Respondents.

DOOLING, J.—Appellant filed his notice of appeal herein on November 2, 1951.   On August 8, 1951, appellant was adjudicated a bankrupt in the United States District Court. Although appellant according to his verified application for relief from default "requested and demanded of the Trustee in Bankruptcy to proceed with the appeal herein . . . said Trustee refused and failed to proceed with and has abandoned said appeal and has taken no action herein."

§

Respondents moved to dismiss the appeal for various failures to comply with the Rules on Appeal looking toward the preparation of a transcript and for the long delay in lodging a transcript with the court. Appellant has moved the court for relief from default based upon his adjudication of bankruptcy and the failure of the trustee in bankruptcy despite appellant's demands that he do so to proceed with the preparation of a record on appeal. Shortly before the motion to dismiss and the motion for relief from default came on for hearing before us appellant procured, over opposition, an order from the referee in bankruptcy determining that the trustee in bankruptcy had abandoned the rights in this litigation as an asset of the bankrupt's estate.

■ After the adjudication of bankruptcy and until the order of abandonment the litigation was an asset of appellant's estate as a bankrupt and in control of the trustee in bankruptcy and out of appellant's control.

■ The situation is unsual but appeals to us as a proper case for the granting of relief from default. Only since the adjudication of abandonment has appellant had any personal right to proceed with the prosecution of his appeal because only since the adjudication of abandonment are appellant's rights in this litigation certainly revested in him. (*Estate of Aldrich*, 35 Cal.2d 20, 23 et seq. [215 P.2d 724, 19 A.L.R.2d 885].) It seems to us that it would be manifestly unfair to deprive appellant of his right of appeal under all of the circumstances solely because of the lack of diligence of his trustee in bankruptcy who would neither prosecute the appeal nor voluntarily abandon it as an asset of the bankrupt's estate.

Motion for relief from default granted. Motion to dismiss appeal denied.

Nourse, P. J., and Goodell, J., concurred.